IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAWN COLVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. CIV-15-1382-R |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her applications for disability insurance and supplemental security income benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(I), 423, 1382. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be affirmed with respect to Plaintiff's Title II application and reversed and remanded for further administrative proceedings with respect to Plaintiff's Title XVI application.

I. Administrative History and ALJ's Decision

Plaintiff filed Title II and Title XVI applications for disability benefits on March 7, 2011, and alleged that she became disabled on December 2, 2009. (TR 64). On January 25,

1

2013, Administrative Law Judge Thompson ("ALJ Thompson") issued an opinion denying Plaintiff's applications. ALJ Thompson found that Plaintiff had severe impairments due to major depressive disorder, mood disorder, not otherwise specified, dysthymic disorder, and personality disorder, not otherwise specified, with borderline, histrionic, and avoidant traits. Despite these impairments, ALJ Thompson concluded that Plaintiff was capable of performing work available in the national economy and she was therefore not disabled.

On May 10, 2013, Plaintiff filed another application for disability benefits, again alleging that she became disabled on September 5, 2009. An administrative hearing was conducted before Administrative Law Judge Shepherd ("ALJ") concerning these applications on August 7, 2014. The ALJ subsequently issued a decision on January 26, 2015.

The ALJ first found that there was no good cause to reopen ALJ Thompson's previous decision and dismissed Plaintiff's request for a hearing on the issue of disability for the period September 5, 2009 through January 25, 2013. (TR 24). The ALJ further found that Plaintiff met the insured status requirements for the purpose of Title II benefits only through June 30, 2012. (TR 26). Because the prior determination was not reopened, the ALJ concluded that the only issue remaining before him was "whether the claimant is disabled as of May 10, 2013, the protective date of filing of her current application for Title XVI benefits through the date of this decision." (TR 25).

With respect to her Title XVI application, the ALJ found that Plaintiff had severe impairments due to major depressive disorder, generalized anxiety disorder, posttraumatic stress syndrome, and borderline personality disorder. The ALJ found that these impairments had resulted in mild to moderate functional limitations and one or two episodes of

2

decompensation of extended duration.

The ALJ further found that Plaintiff could perform "less than a full range of work at all exertional levels with the following non-exertional limitations: "the claimant can understand, remember, and carry out simple, routine and repetitive tasks. The claimant can respond appropriately to supervisors, coworkers and usual work situations, but [she could] have no contact with the general public." (TR 29).

Relying on vocational testimony elicited at the hearing and considering Plaintiff's age, education, and vocational history, the ALJ found that Plaintiff could perform jobs available in the national economy, including the jobs of hand packager, industrial sweeper, and floor waxer. Based on these findings, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act "from May 10, 2013, through the date of this decision." (TR 34).

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. See 20 C.F.R. §§ 404.981, 416.1481; Wall v. Astrue, 561 F.3d 1048, 1051 (10th Cir. 2009).

II. General Legal Standards Guiding Judicial Review

The Court must determine whether the Commissioner's decision is supported by substantial evidence in the record and whether the correct legal standards were applied. Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010); Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). The

"determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." Wall, 561 F.3d at 1052 (citations, internal quotation marks, and brackets omitted).

The Social Security Act authorizes payment of benefits to an individual with disabilities. 42 U.S.C. § 401 *et seq*. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord, 42 U.S.C. § 1382c(a)(3)(A); see 20 C.F.R. § 416.909 (duration requirement). Both the "impairment" and the "inability" must be expected to last not less than twelve months. Barnhart v. Walton, 535 U.S. 212 (2002).

The agency follows a five-step sequential evaluation procedure in resolving the claims of disability applicants. See 20 C.F.R. §§ 404.1520(a)(4), (b)-(g), 416.920(a)(4), (b)-(g). "If the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005). "The claimant is entitled to disability benefits only if he [or she] is not able to perform other work." Bowen v. Yuckert, 482 U.S. 137, 142 (1987).

Plaintiff does not expressly challenge the portion of the ALJ's decision declining to

reopen the previous administrative decision and determining that the refusal-to-reopen decision foreclosed consideration of her Title II application. Plaintiff has not alleged a "colorable constitutional claim," and therefore she cannot obtain judicial review of the ALJ's decision not to reopen the previous decision. 20 C.F.R. § 416.1403(a)(5); Blair v. Apfel, 229 F.3d 1294, 1295 (10th Cir. 2000)(*per curiam*). Thus, judicial review is limited in this case to the portion of the ALJ's decision addressing only Plaintiff's Title XVI application and the issue of whether or not she was disabled on or after May 10, 2013.

III. Medical Evidence

The medical record reflects that beginning in May 2010 Plaintiff has been treated at the Jim Taliaferro Community Mental Health Center ("Taliaferro") for multiple mental impairments, including depression, dysthymic disorder, and posttraumatic stress disorder ("PTSD"). After she expressed suicidal plans at Taliaferro in November 2011, Plaintiff was hospitalized for mental health treatment under an emergency detention order. During her inpatient treatment, Plaintiff was prescribed anti-psychotic and mood-stabilizing medications. She was discharged on December 2, 2011, with diagnoses of mood disorder and borderline personality disorder.

In April 2012, Plaintiff was treated by Dr. Strickland at Taliaferro, where she described depression symptoms and was noted to exhibit a depressed affect. She was diagnosed with major depressive disorder, dysthymia, and PTSD. She returned on a regular basis to Taliaferro for medication management in 2012 and 2013 where she was treated by Dr. Strickland or Dr. Kearns, or Ms. Scott, a licensed professional counselor, and prescribed anti-depressant and mood-stabilizing medications. Plaintiff was also treated at Taliaferro by

licensed professional counselors Scott and Moran during this time period.

Plaintiff was seen in August 2013 by Dr. Strickland and a case manager at Taliaferro. After she expressed that she had a suicidal plan and homicidal thoughts, the staff at Taliaferro issued an emergency detention order and Plaintiff was again hospitalized for mental health treatment. (TR 410, 522). Following her commitment to a mental health treatment facility, Plaintiff was prescribed anti-depressant and mood-stabilizing medications. Her treating psychiatrist during this hospitalization, Dr. Zoobia, noted diagnoses of major depressive disorder, recurrent, severe, generalized anxiety disorder, borderline personality disorder, PTSD, and chronic dysthymia. Plaintiff was discharged four days later in an improved condition.

Plaintiff continued treatment at Taliaferro in August 2013 with Dr. Kearns who prescribed anti-depressant and mood-stabilizing medications for Plaintiff's chronic depression, PTSD, and borderline personality disorder. (TR 411-12). In January 2014, Dr. Strickland noted that Plaintiff exhibited a depressed mood and affect (TR 519), and in June 2014, Dr. Strickland noted that Plaintiff exhibited a depressed and anxious mood and affect (TR 545).

IV. Evaluation of Medical Opinions

Plaintiff contends that the ALJ did not properly evaluate medical source opinions. Plaintiff first points to the opinion of her treating psychiatrist, Dr. Strickland, and argues that the ALJ erred by rejecting that opinion without explanation.

Dr. Strickland opined in January 2013 that Plaintiff's mental impairments had resulted in moderate or marked functional limitations in numerous work-related activities. (TR 368-

6

69). Dr. Strickland marked boxes on the form indicating that Plaintiff was markedly limited in her abilities, *inter alia*, to interact appropriately with the general public, to accept instructions and respond appropriately to criticism from supervisors, to respond appropriately to changes in the work setting, to sustain an ordinary routine without special supervision, to make simple work-related decisions, and to work in coordination with or proximity to others without being distracted by them. (TR 368-69).

In the ALJ's decision, the ALJ recognized that Dr. Strickland completed a Medical Source Statement-Mental dated January 31, 2013. The ALJ set forth a few of the treating psychiatrist's opinions on that form and then stated "[t]he Administrative Law Judge finds that the conclusions of Dr. Strickland in Exhibit B2F are assigned no weight." (TR 29).

An ALJ is required to weigh every medical opinion he or she receives and to explain the weight given to that opinion. 20 C.F.R. §§ 416.927(c), (e)(2)(ii); Keyes-Zachary v. Astrue, 695 F.3d 1156, 1161 (10th Cir. 2012). Generally, a treating physician's opinion is entitled to controlling weight. Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003) (quoting Social Security Ruling 96-2p, 1996 WL 374188, at *2). However, "[m]edical evidence may be discounted if it is internally inconsistent or inconsistent with other evidence." Pisciotta v. Astrue, 500 F.3d 1074, 1078 (10th Cir. 2007)(internal quotation marks omitted). When an ALJ finds that a treating physician's opinion is not entitled to controlling weight, the ALJ must decide "whether the opinion should be rejected altogether or assigned some lesser weight." Id. at 1077. "Treating source medical opinions not entitled to controlling weight 'are still entitled to deference' and must be evaluated in light of the factors in the relevant regulations, 20 C.F.R. §§ 404.1527 and 416.927." Newbold v. Colvin, 718

7

F.3d. 1257, 1265 (10th Cir. 2013)(quoting Watkins, 350 F.3d at 1300).

The ALJ did not properly analyze Dr. Strickland's opinion or provide any reasons for rejecting that opinion. Dr. Strickland, along with Dr. Kearns, another psychiatrist at Taliaferro, had treated Plaintiff on multiple occasions prior to the date of the medical source opinion (TR 466, 467, 497, 499, 501, 503, 505, 513) and treated Plaintiff on multiple occasions after the date of the medical source opinion. (TR 410, 411-12, 494-95, 491-92). Dr. Strickland also participated in forming Plaintiff's treatment plans at Taliaferro. (TR 428, 434).

Defendant contends that Dr. Strickland's opinion had minimal probative value because it predated the relevant time period for assessing the issue of Plaintiff's disability, as determined by the ALJ. However, the opinion is medical evidence that is certainly relevant to Plaintiff's Title XVI application. The remaining assertions by Defendant of reasons that the ALJ could have used to reject Dr. Strickland's opinion are improper *post-hoc* rationalizations. Nor is this Court required to comb the "balance" of ALJ's decision for such reasons. To reject Dr. Strickland's opinion without explanation is clearly erroneous. Therefore, the Commissioner's decision should be reversed and remanded for further administrative proceedings.

Plaintiff also points to the medical source opinion provided by Dr. Word, a medical consultant for the agency and asserts that the ALJ erred in analyzing Dr. Word's opinion. In November 2013, Dr. Word completed a Mental Residual Functional Capacity Assessment form, Dr. Word opined that Plaintiff "would have significant difficulty dealing effectively with the demands of the general public, but could relate to the public on a limited basis, and

8

coworkers and supervisors in non-confrontational situations." The claimant could "accept respectful supervision and constructive criticism," and she "would function best in standardized work environments with minimal variation." (TR 130). Dr. Word also opined that Plaintiff "can perform simple and some complex tasks," "relate to others on a superficial work basis," and "adapt to a work situation." (TR 130). The ALJ stated in the decision that Dr. Word's medical source statement was afforded "some" weight, but did not adequately explain. (TR 32).

It is well established law in this circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009–10 (10th Cir. 1996). However, an ALJ is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). The ALJ afforded some weight to Dr. Word's opinion but did not explain why he rejected the restrictions imposed by Dr. Word on Plaintiff's interaction with coworkers and supervisors. The Commissioner should remedy this error on remand.

## RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter AFFIRMING the decision of the Commissioner to deny Plaintiff's Title II application for benefits and REVERSING and REMANDING to the agency for further administrative proceedings the decision of the Commissioner to deny Plaintiff's Title XVI application for benefits. The parties are advised of their respective right to file an objection to this Report

9

and Recommendation with the Clerk of this Court on or before September 19th, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 30th day of August, 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE